UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 1:18-cr-269 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CHARLES RAY VOGEL, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Charles Vogel filed a motion for sentence modification under 18 U.S.C. § 3582(c)(2). Defendant relies on Amendment 821 and seeks a reduction in his term of imprisonment. The Court finds Defendant ineligible for a reduction in sentence and will deny the motion.

A.

Defendant pled guilty to being a felon in possession of firearms. Defendant had a total offense level of 29. He had a criminal history score (point total) of 13 resulting in a criminal history category VI. As part of his criminal history score, Defendant received two status points under USSG § 4A1.1(d). The combination of offense level and criminal history category resulted in a guideline range of 151 to 188 months. The statutory maximum for Defendant's crime of conviction, however, was 120 months. Accordingly, Defendant's guideline range became 120 months. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range,

the statutorily authorized maximum sentence shall be the guideline sentence."); *United State v. Murphy*, 591 F. App'x 377, 380 (6th Cir. 2014).

Prior to sentencing, the government filed a motion for downward departure. The government suggested the Court use, as a point of reference, a defendant with an offense level 26 and criminal history category VI, and a guideline range of 120-150. Because Defendant had a statutory maximum sentence of 120 months, the guideline range provided a useful place to start. The government then asked the Court to depart down two offense levels and to impose sentence below the guideline range based on Defendant's substantial assistance. The Court sentenced Defendant to 93 months imprisonment.

B.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

When considering a sentence reduction under § 3582(c)(2), the court must first determine if the defendant is eligible, whether the changes contained in the Sentencing Commission's retroactive amendment actually lowered the defendant's guideline range. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Valentine*, 694 F.3d 665,

669 (6th Cir. 2012)). Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Status points are those points that were applied under then § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

The Court finds Defendant ineligible for a modification of sentence under 18 U.S.C. § 3582(c)(2) because, applying the retroactive amendments, his guidelines range did not change. The one-point reduction in status points means that Defendant's criminal history score falls from 13 to 12 and Defendant's criminal history category becomes V instead of VI. His total offense level remains 29. A defendant with an offense level 29 and a criminal history category V has a guideline range of 140 to 175 months. But, Defendant's statutory maximum sentence remains the same, 120 months, which means his guideline range remains 120 months.

Counsel argues that Defendant is eligible for a sentence reduction. Counsel reasons that using offense level 29 or 26 as the starting point, the Court granted a downward departure placing Defendant at offense level 24. Applying the changes in Amendment 821, a defendant with an offense level 24 and a criminal history category V has a guideline range of 92 to 115 months, a reduction from 120 months. The argument rests on an incorrect assumption of how a departure works. A downward departure does not alter a defendant's offense level.

3

When a court grants a downward departure, the court imposes a lesser sentence than what "could be imposed under the applicable guideline range or a sentence that is otherwise less than the guideline sentence."[1] USSG § 1B1.1 app. note 1(F) (defining "downward departure"). The Sentencing Guidelines Manual policy statement for § 3582(c)(2) motions indicates that a court must refer to the guideline range corresponding to the offense level and criminal history category "determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10 app. note 1(A).

Therefore, the Court **DENIES** Defendant's motion for sentence modification (ECF No. 45). **IT IS SO ORDERED.**

Date:   June 10, 2024                                                    /s/  Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge

---

[1] In the Court's experience, when granting a downward departure, courts frequently identify a lower offense level and use the guideline range for the lower offense level as a point of reference.